Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FINCA LEANDER, LLC<br><br>Peticionarios<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE VEGA BAJA Y OTROS<br><br>Recurridos | TA2025CE00878 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Sentencia Declaratoria; Injunction Preliminar y/o Permanente; Art. 14.1 Ley Núm. 161 de 2009 (Injunction Estatutario)<br><br>Caso Núm. BY2023CV05716 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2026.

La parte peticionaria, Finca Leander, LLC, comparece ante nos y solicita nuestra intervención, mediante el presente recurso de *certiorari*, a fin de que dejemos sin efecto la *Resolución* emitida el 3 de octubre de 2025, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, el foro primario denegó la *Moción de Sentencia Sumaria* presentada por la parte peticionaria, y la *Solicitud de que se Dicte Sentencia Sumariamente* presentada por la parte recurrida, Municipio Autónomo de Vega Baja. Ello, dentro de una acción sobre sentencia declaratoria e *injunction* preliminar, permanente y estatutario, promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* solicitado.

**I**

El 12 de octubre de 2023, la parte peticionaria, Finca Leander, LLC, presentó la *Demanda* de epígrafe junto a una *Moción*

*Solicitando Injunction Preliminar y/o Permanente y/o Estatutario y Sentencia Declaratoria.* En síntesis, alegó que, el 16 de agosto de 2018, otorgó junto a Seaside Investment, LLC, una *Escritura de Compraventa.* Arguyó que, por medio de dicho instrumento, adquirió la Finca Tendel, localizada en el barrio Algarrobo del Municipio de Vega Baja.

En lo pertinente a la controversia, sostuvo que la compraventa se efectuó a precio alzado e incluyó todos los usos, anexos, servidumbres y edificaciones enclavadas en el inmueble, entre ellas el Edificio Luis Muñoz Marín. Alegó que dicha estructura forma parte integrante de la finca adquirida y que no consta segregación alguna que la excluya, por lo que le pertenece en pleno dominio. La parte peticionaria alegó que, no obstante a la compraventa efectuada, el Municipio de Vega Baja, continuaba ocupando el edificio en controversia y se negaba a reconocer su titularidad. Añadió que la parte recurrida se rehúsa a pagar renta por su uso, así como adquirirlo o recibirlo en concepto de permuta. Además, detalló que, mientras la parte recurrida mantenía la posesión del edificio en controversia, el Centro de Recaudación de Ingresos Municipales (CRIM) le imputaba a la parte peticionaria las obligaciones contributivas relacionadas con este, lo cual, a su entender, configuraba un enriquecimiento injusto por parte del Municipio de Vega Baja, al beneficiarse del uso del inmueble sin asumir carga contributiva alguna. Finalmente, expuso que advino en conocimiento de que la parte recurrida inició gestiones para llevar a cabo el proyecto denominado *Major Renovations for Luis Muñoz Marín Head Start Center*, lo cual, según planteó, menoscababa sus derechos propietarios.

A tenor con sus alegaciones, la parte peticionaria solicitó al Tribunal de Primera Instancia que, conforme la Regla 59 de Procedimiento Civil, 32 LPRA Ap. V, R. 59, emitiera una sentencia

declaratoria y estableciera su titularidad sobre el Edificio Luis Muñoz Marín. Del mismo modo, instó la expedición de un *injunction* preliminar para ordenar al Municipio Autónomo de Vega Baja de abstenerse a realizar obras de renovación o construcción en el inmueble. Por último, al amparo del Artículo 14.1 de la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161-2009, 23 LPRA sec. 9024, solicitó la expedición de un *injunction* estatutario para ordenar a la Oficina de Gerencia de Permisos (OGPe) paralizar el permiso de construcción sobre el proyecto *Major Renovations for Luis Muñoz Marín Head Start Center*.

Por su parte, el 23 de octubre de 2023, el Municipio de Vega Baja presentó una *Solicitud de Desestimación y de Imposición de Honorarios de Abogados Estatutarios*. En síntesis, sostuvo que la peticionaria pretendía, mediante un *injunction* preliminar, paralizar las obras de remodelación vinculadas al proyecto *Major Renovations for Luis Muñoz Marín Head Start Center*, sin haber demostrado una reclamación que justificara la concesión de un remedio extraordinario. Por ello, solicitó la desestimación de la demanda. Planteó que la parte peticionaria hacía un reclamo de titularidad, descansando únicamente en la notificación de cobro emitido por el CRIM, lo cual no constituye prueba de dominio ni concede titularidad. Añadió que la alegación de enriquecimiento injusto por el hecho de que el Municipio no pagara contribuciones sobre la propiedad carecía de base legal, a la luz de los Artículos 2.113 y 7.092 del *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, 21 LPRA secs. 7335 y 8049, que eximen a los municipios del pago de contribuciones y reconocen exenciones aplicables a propiedad municipal destinada a uso público. Asimismo, señaló que la peticionaria solicitó un *injunction* estatutario dirigido a la Oficina de Gerencia de Permisos para paralizar el permiso de construcción relacionado con el proyecto, sin haberla acumulado como parte en

el pleito, lo cual, según sostuvo, impedía la concesión de ese remedio. Así, la parte recurrida solicitó la desestimación de la causa de epígrafe, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 y, a su vez, solicitó la imposición de honorarios estatutarios al amparo del Artículo 14.1 de la Ley 161-2009, *supra.*

Luego de ciertas incidencias, el 24 de octubre de 2023, el Tribunal de Primera Instancia celebró una Vista evidenciaria para dilucidar la solicitud de *injunction* preliminar, permanente y estatutario. Tras escuchar los argumentos de las partes y examinar las mociones presentadas, el 27 de octubre de 2023, emitió una *Sentencia Parcial*. Mediante esta, declaró *Ha Lugar* la *Solicitud de Desestimación y de Imposición de Honorarios de Abogados Estatutarios* presentada por la parte recurrida, en cuanto a la desestimación del *injunction* preliminar, permanente y estatutario. El foro primario concluyó que la parte peticionaria no satisfizo los criterios establecidos en la Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.3, y que las labores de remodelación del Edificio Luis Muñoz Marín vinculadas al proyecto *Major Renovations for Luis Muñoz Marín Head Start Center* no configuraban un daño irreparable, toda vez que, de acreditarse eventual titularidad y perjuicio, este podría ser resarcido mediante una compensación económica.

Por otro lado, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de desestimación en cuanto a la acción de sentencia declaratoria y convirtió el procedimiento en uno ordinario para dilucidar la controversia sobre la titularidad del Edificio Luis Muñoz Marín. A su vez, determinó que la OGPe constituía una parte indispensable para la adecuada adjudicación del litigio, por lo que ordenó a la parte peticionaria presentar una demanda enmendada dentro del término de treinta (30) días. Por último, resolvió que no

procedía la imposición de honorarios de abogado en esa etapa de los procedimientos.

Posteriormente, el 15 de marzo de 2024, la parte recurrida presentó su *Contestación a Demanda,* en la cual negó las alegaciones formuladas en su contra y articuló varias defensas afirmativas. En cuanto a la titularidad del Edificio Luis Muñoz Marín, sostuvo que esa estructura no formó parte de las transacciones de compraventa invocadas por la parte peticionaria. Explicó que las escrituras públicas mediante las cuales esta adquirió la finca describían el inmueble conforme a una mensura realizada por el agrimensor José Tomás Santiago Díaz y alegó que, según la descripción efectuada, el edificio en cuestión y el terreno donde está situado quedaron excluidos de la propiedad transmitida. Añadió que la parte peticionaria conocía esa exclusión al momento de la compraventa, por lo que sostuvo que Finca Leander, LLC no ostentaba derecho alguno sobre la referida estructura. A base de lo anterior, alegó que la *Demanda* dejaba de exponer una reclamación que justificara la concesión de un remedio, planteó que la parte peticionaria pretendía apropiarse de una propiedad perteneciente al Municipio de Vega Baja y, finalmente, adujo que la reclamación había prescrito.

Tras varios incidentes procesales innecesarios de pormenorizar, el 18 de febrero de 2025, la parte peticionaria presentó una *Moción de Sentencia Sumaria,*[1] en la cual expuso que el único asunto en controversia giraba en torno a la determinación de si ostentaba la titularidad del Edificio Luis Muñoz Marín. En el referido escrito, reafirmó que adquirió la finca a precio alzado,

---

[1] La parte peticionaria acompañó su *Moción de Sentencia Sumaria* con la siguiente prueba documental: 1) copia certificada de la Escritura Núm. 47 intitulada *Escritura de Compraventa*; 2) Plano y Mensura del agrimensor Martínez Arbona; 3) Certificación de Propiedad Inmueble emitida por el Registro Inmobiliario del Estado Libre Asociado de Puerto Rico; 4) catastro digital del CRIM; 5) Certificación de Deuda del CRIM; 6) Ajuste de Factura emitido por el CRIM; 7) Permiso de Construcción emitido por la OGPe; 8) Suplementación a Contestaciones ofrecidas por el Municipio de Vega Baja.

incluyendo todas las edificaciones enclavadas en esta, y reiteró que el edificio en controversia ubica dentro de sus linderos. Planteó que ello surge, alegadamente, de la escritura de compraventa, la certificación registral, el plano de mensura trazado por el Agrimensor Eric Martínez Arbona, el mapa de FEMA y el catastro digital del CRIM. Asimismo, insistió en que el CRIM le imputa directamente las contribuciones correspondientes a dicha estructura y que la OGPe expidió el permiso de construcción bajo el mismo número de catastro de la Finca Tendel. Finalmente, alegó que, concluido el descubrimiento de prueba, la parte recurrida no produjo documento alguno que acreditara una segregación válida ni su alegada titularidad sobre el edificio en controversia, por lo que, a su entender, no existía controversia real de hechos materiales que impidiera la concesión del remedio sumario.

Por su parte, el 3 de junio de 2025, la parte recurrida compareció mediante una *Solicitud para que se dicte Sentencia Sumariamente.*[2] En su pliego, reafirmó que el edificio en cuestión y el predio donde enclava quedaron expresamente excluidos de las transacciones de compraventa invocadas. En apoyo a ese planteamiento, señaló que tanto la Escritura Núm. 7 de compraventa, otorgada el 28 de agosto de 2006 ante el notario Carlos J. Vargas Ferrer, como la Escritura Núm. 47, en la que comparecieron Seaside Investment, LLC y Finca Leander, LLC, describen la finca conforme a una mensura realizada por el agrimensor José Tomás Santiago Díaz. Alegó que, según la aludida mensura, el Edificio Luis Muñoz Marín no formaba parte del terreno adquirido por la parte peticionaria. Además, esbozó que el informe de valoración preparado por el tasador Eduardo Robles Carrillo

---

[2]La parte recurrida acompañó su Solicitud para que se dicte Sentencia Sumariamente con la transcripción de la deposición tomada al agrimensor José T. Santiago Díaz y su *Informe Pericial*.

describía la propiedad objeto de tasación como un terreno vacante sin edificaciones, sin aludir en momento alguno al Edificio Luis Muñoz Marín como parte del inmueble valorado. Además, sostuvo que la parte peticionaria no produjo documento alguno que acreditara titularidad sobre dicha estructura, más allá de una notificación contributiva del CRIM. A base de lo anterior, planteó que no existía controversia real de hechos materiales y solicitó que se dictara sentencia sumaria declarando que el Municipio de Vega Baja ostentaba la titularidad del edificio en controversia.

En riposta, el 14 de julio de 2025, la parte peticionaria presentó una *Oposición a Moción de Sentencia Sumaria* en la cual sostuvo los argumentos antes expuestos. Además, planteó que la solicitud de sentencia sumaria presentada por la parte recurrida no estaba sustentada con prueba admisible en evidencia. A base de lo anterior, solicitó la denegatoria de la solicitud de sentencia sumaria presentada por la parte recurrida.

El 5 de agosto de 2025, la parte recurrida presentó su *Oposición a Solicitud de Sentencia Sumaria*. En esencia, se reafirmó en que el Edificio Luis Muñoz Marín no formó parte de las transacciones de compraventa invocadas por la parte peticionaria y que la prueba obrante en autos demostraba que la estructura ubica fuera de los linderos de la finca adquirida. Por igual, sostuvo que la parte peticionaria actuó de mala fe, al imputarle conocimiento sobre el hecho de que el edificio y el predio donde enclava habían quedado excluidos de dichas transacciones, pretendiendo enriquecerse injustamente de una propiedad que no le pertenece. Finalmente, expresó que las escrituras públicas eran claras al establecer que la parte peticionaria no es titular del edificio en controversia y que, en consecuencia, procedía dictar sentencia sumaria a favor del Municipio de Vega Baja.

Tras ciertas incidencias, y luego de entender sobre las respectivas posturas de los comparecientes, el 3 de octubre de 2025, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa. En esta, concluyó que no procedía adjudicar sumariamente la controversia, al determinar que subsistían controversias sustanciales sobre hechos medulares que impedían la concesión del remedio solicitado. En específico, señaló que ninguna de las partes presentó documentación suficiente para establecer quién construyó el Edificio Luis Muñoz Marín, con qué fondos se edificó, en qué año se levantó, si se obtuvieron los permisos correspondientes, ni quién ostenta su titularidad. Añadió que tampoco constaba en autos evidencia sobre ordenanzas municipales que autorizaran su construcción, propósito o destino, ni documentación que permitiera determinar si la estructura constituye un bien patrimonial municipal. Asimismo, resolvió que la controversia sobre la localización del edificio y la interpretación de los planos de mensura hacía indispensable la celebración de un juicio en su fondo, en el cual pueda contar con el beneficio de prueba testifical y pericial, la evaluación de los informes de agrimensores y tasadores, la sobreposición de los planos pertinentes y de una inspección ocular.

Así, dispuso que todas las controversias pendientes, incluyendo la determinación de si la Oficina de Gerencia y Permisos constituye una parte indispensable, habrían de dilucidarse en el juicio en su fondo. Conforme a su determinación, declaró *No Ha Lugar* ambas solicitudes de sentencia sumaria.

Inconforme, y tras denegada una previa solicitud de *Reconsideración*, el 20 de octubre de 2025, la parte peticionaria compareció ante nos mediante la presentación del presente recurso de *certiorari*. En el mismo formula los siguientes señalamientos de error:

La Regla 36.3(d) de Procedimiento Civil le requiere al promovido atender, discutir y refutar individualmente cada hecho propuesto en una moción de sentencia sumaria. De lo contrario, estos se darán por admitidos y probados para todo fin adjudicativo. El Municipio desatendió los 44 hechos individuales que Leander propuso en su moción de sentencia sumaria. A raíz de lo anterior, el Foro de Instancia incidió al no darlos por admitidos y dictar sentencia sumaria a favor de Leander.

La Regla 6.3 de Procedimiento Civil exige que en la contestación a la demanda se levante toda defensa afirmativa aplicable, so pena de quedar renunciada y que los tribunales no puedan aplicarlas. Entre sus 7 defensas afirmativas, el Municipio no levantó incumplimiento ni nulidad en la tramitación de la compraventa de la Finca y su Edificio de Leander. Su omisión tuvo el efecto de renunciar a ambas defensas afirmativas por operación de ley—impidiéndole al Tribunal de Primera Instancia poder aplicarlas en este pleito.

La resolución recurrida obvió que la fe pública registral, conjuntamente con la ejecución de la hipoteca que gravó toda la Finca con sus edificaciones enclavadas, protegen plenamente la titularidad de Leander sobre su Finca y Edificio.

Leander controvirtió todos los hechos que el Municipio propuso en su moción de sentencia sumaria—los cuales tampoco sustentó con prueba admisible—, por lo que deben excluirse de la Resolución.

Toda la información publicada por la Junta de Planificación, FEMA, CRIM y OGPe es directamente pertinente a las controversias litigiosas de este pleito. Por tanto, debió tomarse conocimiento judicial de la misma y considerarse al adjudicar la moción dispositiva de Leander.

Luego de examinar el expediente de autos, y con la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Sabido es que la sentencia sumaria es un mecanismo adjudicativo de naturaleza extraordinaria, sujeta a determinadas formalidades impuestas por ley, que propende a la celeridad en la disposición de los asuntos sometidos a la consideración de la maquinaria judicial. *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR

1010, 1024 (2020); *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018); *Savary et al. v. Mun. Fajardo et al.,* 198 DPR 1014, 1030 (2017); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). La legitimidad de su empleo está supeditada a la efectiva inexistencia de controversia alguna sobre los hechos medulares de la causa de acción de que trate, ello a la luz de la prueba documental sometida a la consideración del Juzgador por parte de quien propone la moción correspondiente, así como de quien se opone a la misma. Por tanto, compete al tribunal examinar toda la evidencia habida ante sí, de modo tal que pueda concluir que solo resta disponer de cuestiones puramente normativas. *Vera v. Dr. Bravo,* 161 DPR 308, 334 (2004); *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 617-618 (1990). Ahora bien, dictar sentencia sumaria en un caso es una facultad propia a la discreción del adjudicador, a los fines de evitar que se prive a una persona de su derecho a tener su día en corte. *Ramos Pérez v. Univisión,* supra, pág. 216; *Roig Com. Bank v. Rosario Cirino,* supra, pág. 617. Así, de no quedar clara la total inexistencia de controversias de hechos materiales, el foro *a quo* está llamado a no preterir el cauce ordinario de los procedimientos. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

**B**

Por otra parte, el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del

caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

> Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de

los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

En la presente causa, la parte peticionaria plantea que incidió el Tribunal de Primera Instancia al denegar su solicitud de sentencia sumaria. En esencia, la entidad compareciente aduce que el foro primario erró al no dar por admitidos los hechos propuestos en su moción dispositiva, pese al alegado incumplimiento del Municipio con la Regla 36.3(d) de Procedimiento Civil, y al aplicar defensas afirmativas que, según sostiene, no fueron oportunamente levantadas. Además, arguye que el Tribunal sentenciador soslayó el efecto de la fe pública registral y de la ejecución hipotecaria sobre la finca en controversia, consideró hechos no sustentados con prueba admisible y omitió tomar conocimiento judicial de información publicada por diversas agencias administrativas. Tras entender sobre dichos señalamientos a la luz de las particularidades del caso y del derecho aplicable, resolvemos que no existe razón legal alguna que mueva nuestro criterio a intervenir con lo resuelto. En consecuencia, denegamos el auto solicitado.

En su gestión, la sala de origen concluyó que subsisten controversias sustanciales de hechos que requieren la celebración de un juicio en su fondo. Conforme surge del dictamen recurrido, el

Tribunal de Primera Instancia determinó que persisten controversias en torno a la localización y titularidad del Edificio Luis Muñoz Marín, así como sobre la legalidad de las transacciones relacionadas con la finca objeto del pleito. Asimismo, resolvió que la necesidad de prueba testifical y pericial hace improcedente resolver el caso mediante sentencia sumaria.

Un examen de los documentos que componen el expediente que nos ocupa, nos lleva a abstenernos de ejercer nuestras funciones revisoras respecto al desempeño adjudicativo del tribunal sentenciador. Tal cual expresáramos, el mecanismo procesal de sentencia sumaria, si bien provee para agilizar el empleo de la maquinaria judicial, es uno sujeto al ejercicio discrecional de las funciones del juzgador concernido. Únicamente la real inexistencia de controversia de hechos medulares de determinada acción, todo a la luz de la prueba documental pertinente, permite que se soslaye el principio general que garantiza a todo litigante su día en corte.

Por tanto, en mérito de lo anterior y conforme lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto de epígrafe.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones